# 19 MAG 11555

**ORIGINAL**

Approved: _____
MOLLIE BRACEWELL / JACOB R. FIDDELMAN
Assistant United States Attorneys

Before: HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York

-----------------------------------x
                                    :
UNITED STATES OF AMERICA            :    SEALED COMPLAINT
                                    :
       - v. -                       :    Violations of 21 U.S.C.
                                    :    § 841; 18 U.S.C.
ALFONSO LANIER,                     :    §§ 922(g)(1), 924(c),
                                    :    924(e), and 2
            Defendant.              :
                                    :    COUNTY OF OFFENSE:
-----------------------------------x    NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss:

CICERO COLOMA, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

## COUNT ONE
(Possession with Intent to Distribute a Controlled Substance)

1. On or about December 5, 2019, in the Southern District of New York and elsewhere, ALFONSO LANIER, the defendant, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The controlled substance involved in the offense was mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Section 2.)

## COUNT TWO
(Firearms Offense)

3.    On or about December 5, 2019, in the Southern District
of New York and elsewhere, ALFONSO LANIER, the defendant, during
and in relation to a drug trafficking crime for which he may be
prosecuted in a court of the United States, namely, the controlled
substance offense charged in Count One of this Complaint, knowingly
did use and carry a firearm, and, in furtherance of such crime,
did possess a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT THREE
(Felon in Possession)

4.    On or about December 5, 2019, in the Southern District
of New York and elsewhere, ALFONSO LANIER, the defendant, knowing
he had previously been convicted in a court of a crime punishable
by imprisonment for a term exceeding one year, and having three
previous convictions by a court for a violent felony or a serious
drug offense, knowingly and intentionally did possess in and
affecting commerce a firearm, to wit, a 9mm caliber Smith & Wesson
pistol, model 639.

(Title 18, United States Code, Sections 922(g)(1), 924(e),
and 2.)

The bases for my knowledge of the foregoing charges are, in
part, as follows:

5.    I am a Detective with the NYPD. This affidavit is based
upon my personal participation in the investigation, my
examination of reports and records, and my conversations with other
law enforcement agents and other individuals.    Because this
affidavit is being submitted for the limited purpose of
demonstrating probable cause, it does not include all the facts
that I have learned during the course of my investigation.    Where
the contents of documents and the actions, statements, and
conversations of others are reported herein, they are reported in
substance and in part, except where otherwise indicated.

6.    Based on my participation in this investigation,
including my review of law enforcement reports and other documents

2

and my conversations with other law enforcement officers, I have learned the following, in substance and in part:

a.    On or about November 26, 2019, a Judge of the New York County Criminal Court authorized a search and seizure warrant (the "Search Warrant") for a particular apartment on the first floor of a building in New York, New York ("Apartment-1"), based on probable cause to believe that ALFONSO LANIER, the defendant, was selling controlled substances out of Apartment-1.

b.    On or about December 5, 2019, NYPD officers executed the Search Warrant at Apartment-1. LANIER was present in Apartment-1 at the time the Search Warrant was executed. As law enforcement officers entered Apartment-1, an officer observed LANIER throw what appeared to be a firearm (the "Firearm") out the first-floor window of Apartment-1. An NYPD officer recovered the Firearm from the ground outside the window through which LANIER was observed throwing the Firearm.

c.    In the course of the search of Apartment-1, NYPD officers recovered, among other things, a shoebox from under a bed. That shoebox contained, among other things, a clear zip-lock bag containing a white, rock-like substance that later field-tested positive for the presence of cocaine base. That shoebox also contained, among other things, several razor blades and approximately a dozen zip-lock bags of various colors, all covered in what appeared to be white powdery residue, which appeared, based on the officers' training and experience, to be cocaine residue. Through my training and experience, I know that razor blades and small plastic bags are commonly used by narcotics traffickers to package drugs for distribution.

d.    In the course of the search of Apartment-1, NYPD officers also recovered, among other things, eight additional clear zip-lock bags containing a white, rock-like substance similar in appearance to the substance that field-tested positive for cocaine base as described above, which, based on the officers' training and experience, also appeared to be cocaine base. The white, rock-like substances recovered from the various zip-lock bags in Apartment-1 weighed approximately five grams in total. LANIER was then placed under arrest by state authorities.

e.    After his arrest, LANIER was advised of his *Miranda* rights. LANIER waived his rights and elected to speak with law enforcement officers. During his post-arrest interview, which was video-recorded, LANIER admitted, in substance and in part, that he had been selling crack cocaine, that he had possessed the Firearm,

3

and that he had thrown the Firearm out the window when the officers entered his apartment.

7.     Based  on  my  participation  in  this  investigation, including my review of law enforcement reports and other documents and my conversations with other law enforcement officers, I have learned, in substance and in part, that the Firearm recovered from outside the window of Apartment-1 was later determined to be a loaded, 9mm caliber Smith & Wesson pistol, model 639.

8.     Based on my conversation with a Special Agent of the Bureau  of  Alcohol,  Tobacco,  Firearms  and  Explosives,  which maintains  data  regarding  the  manufacture  of  firearms  and ammunition, I have learned that the Firearm was manufactured outside of the State of New York.

9.     I have reviewed criminal history records pertaining to ALFONSO  LANIER,  the  defendant,  from  which  I  have  learned,  in substance and in part, the following:

a.     On or about March 3, 2014, LANIER was convicted in New York County Supreme Court of, among other charges, attempted assault in the second degree with intent to cause physical injury with a weapon, in violation of New York Penal Law § 120.05(02), a felony.    That offense is punishable by more than one year of imprisonment, and, on or about April 22, 2014, LANIER was sentenced on that offense to four years' imprisonment.

b.     On or about March 3, 2014, LANIER was convicted in New York County Supreme Court of attempted criminal possession of a controlled substance in the third degree with intent to sell, in violation of New York Penal Law § 220.16(01), a felony.    That offense is punishable by ten years or more of imprisonment, and, on or about April 22, 2014, LANIER was sentenced on that offense to 18 months' imprisonment.

c.     On or about June 21, 2011, LANIER was convicted in New York County Supreme Court of criminal possession of a controlled substance in the third degree with intent to sell, in violation of New York Penal Law § 220.16(01), a felony.    That offense is punishable by ten years or more of imprisonment, and, on or about April 22, 2014, LANIER was resentenced on that offense to one year's imprisonment.

4

WHEREFORE, I respectfully request that a warrant be issued for the arrest of ALFONSO LANIER, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

CICERO COLOMA
Detective
New York City Police Department

Sworn to before me this
_____ day of December, 2019

THE HONORABLE SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5